## UNITED STATES DISTRICT COURT
## <u>WESTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION</u>

FREDERICK VEAL,

        Plaintiff,

v.

COUNTY OF KENT;
RAY PADILLA, Individually;
GUS SUDUE, Individually;
JULIE BENNETT, Individually; and
AMBER SCOTT, Individually,

        Defendants.

Case No.

Honorable

_____/

Stephen R. Drew (P24323)
Adam C. Sturdivant (P72285)
DREW, COOPER & ANDING
Attorneys for Plaintiff
80 Ottawa Avenue NW, Suite 200
Grand Rapids, Michigan  49503
(616) 454-8300

_____/

## <u>COMPLAINT AND JURY DEMAND</u>

     NOW COMES Plaintiff Frederick Veal, (hereinafter "Plaintiff"), by and through his

attorneys, DREW, COOPER & ANDING, by Stephen R. Drew and Adam C. Sturdivant, and

hereby alleges and states as follows:

1.   This is an action for money damages against Ray Padilla (hereinafter "Padilla"), Kent County Deputy; Gus Sudue (hereinafter "Sudue"), Kent County Deputy; Julie Bennett (hereinafter "Bennett"), Kent County Deputy; Amber Scott (hereinafter "Scott"); and the County of Kent (hereinafter "County") for violation of Plaintiff's constitutional rights and other rights accorded him by common and statutory law.

2.   Plaintiff alleges that Defendants Padilla and/or Sudue unlawfully assaulted him, for the very purpose of causing harm, and used excessive and reckless force in violation of his constitutional rights and other rights afforded him by common and statutory law.

3.   Plaintiff alleges that Defendant Padilla, Sudue, Scott, and/or Bennett unlawfully assaulted him, for the very purpose of causing harm, and used excessive and/or reckless force when they with malice dragged Plaintiff into the shakedown vestibule and while holding him excessively forced Plaintiff's arm behind his body with such power and intensity that it severely fractured his arm, in violation of his constitutional rights and other rights accorded to him by common and statutory law.

4.   Plaintiff alleges that Defendant County of Kent, tolerated, authorized and/or permitted a custom, policy, practice or procedure of improper conduct and insufficient supervision, that they trained their officers in a method that is designed or is known to cause harm or injury, and/or failed to adequately screen, counsel or discipline such individuals, with the result that said deputies were allowed to violate the rights of persons such as Plaintiff with impunity.

5.   Plaintiff seeks money damages against the Defendants for the above actions for violation of Michigan common and/or statutory laws including assault and battery and/or gross negligence.

## JURISDICTION

6.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is founded upon 28 U.S.C. § 1331 and § 1343(a)(1), (2), (3), and (4) and the aforementioned statutory and constitutional provisions.  Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

## PARTIES

7.      Plaintiff Frederick Veal is and was at all material times herein a citizen of the United States and a resident of the State of Michigan.

8.      Defendant County of Kent (hereinafter "Kent County") is a municipal corporation located in the County of Kent, and in the State of Michigan, and is a governmental body organized and existing under Michigan laws.

9.      Defendant Ray Padilla (hereinafter "Padilla"), deputy officer of the County of Kent with the Kent County Correctional Facility, was at all relevant times an agent and/or employee of the Kent County Correctional Facility and Defendant Kent County.  He is sued individually.

10.     Defendant Gus Sudue (hereinafter "Sudue"), deputy officer of the County of Kent with the Kent County Correctional Facility, was at all relevant times an agent and/or employee of the Kent County Correctional Facility and Defendant Kent County.  He is sued individually.

11.     Defendant Julie Bennett (hereinafter "Bennett"), deputy officer of the County of Kent with the Kent County Correctional Facility, was at all relevant times an agent and/or

employee of the Kent County Correctional Facility and Defendant Kent County.  She is sued individually.

12.    Defendant Amber Scott (hereinafter "Scott"), deputy officer of the County of Kent with the Kent County Correctional Facility, was at all relevant times an agent and/or employee of the Kent County Correctional Facility and Defendant Kent County.  She is sued individually.

13.    At all relevant times, Defendants Padilla, Sudue, Bennett and/or Scott were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Michigan, the County of Kent, and/or the Kent County Correctional Facility.

## GENERAL ALLEGATIONS

14.    On or about the early morning of October 2, 2010, Plaintiff was operating a motor vehicle that was involved in a one car accident in Grand Rapids.

15.    A Grand Rapids Police Officer responded to the accident and called for medical response because Plaintiff was bleeding and "not very responsive."

16.    The medical responders cleared Plaintiff as uninjured, except for a laceration to his lip, and indicated he was able to be taken to St. Mary's hospital for jail clearance.

17.    The Grand Rapids police officer transported Plaintiff to St. Mary's Hospital for evaluation and assessment prior to transporting him to jail, where he was arrested for operating a vehicle while under the influence of alcohol.

18.    Plaintiff was treated for minor injuries and released by St. Mary's for jail clearance and transported to the Kent County Correctional facility by the Grand Rapids police officer.

- 4 -

19.    Upon arrival at the Kent County Correctional Facility Plaintiff was brought into the intake lobby for routine booking, he was loud but not physically confrontational and willing to follow instructions. Plaintiff had full use of his arms at the time and was not injured in that regard from the aforementioned accident.

20.    After being told to remove his shoes as instructed by Defendant Sudue, and after either refusing to do so or saying something to Defendant Sudue in that regard,  Plaintiff was violently dragged into the shakedown vestibule area by one or more of the Defendants and slammed face first into the wall by Defendants Padilla, Sudue, Bennett and/or Scott.

21.    During this time, Defendants Padilla and Sudue grabbed Plaintiff's arms and violently forced them behind Plaintiff in an intentional action that had the force to break Plaintiff's right arm.  Plaintiff immediately began to protest in pain with a request that they cease their actions that were causing him extreme pain and suffering.

22.    During this time, Defendants Padilla, Sudue, Bennett and/or Scott, assisting and/or observing, ignored Plaintiff's pleas to stop committing acts that were causing him severe pain.

23.    At the above time and place, Defendant Padilla accelerated his physical efforts so as to intentionally cause increased pain, while Defendants Sudue, Bennett and/or Scott continued to hold the Plaintiff to allow the accelerated actions and/ or refused to intervene and prevent the excessive acts.

24.    At the above time and place, Plaintiff's lip continued to and/or began to bleed, upon information and belief from the aforementioned auto accident.  When the blood dripped from Plaintiff's lip, because he was being held with both hands and arms behind his back, Defendant Padilla cursed at Plaintiff, further demeaned him and then without cause or

- 5 -

provocation, and with the deliberate intent to harm, did a "knee strike" to Plaintiff while falsely and with malice accusing Plaintiff of "spitting blood" on Defendant Padilla.

25.    After being assaulted in the vestibule, Plaintiff was then forcefully taken to his cell, with his right arm still behind his back and being lifted on his tip toes to walk to the holding cell.

26.    Plaintiff continuously complained of pain in his right arm but was deliberately and with indifference denied medical treatment for an extended period of time, even though it was known by Defendants that he was injured.

27.    Plaintiff was denied medical treatment and was required to remain in excruciating pain until the afternoon of October 3, 2010, when x-rays were taken by jail medical staff.

28.    When Plaintiff was finally taken to St. Mary's hospital the injury was so obvious that a health care professional at the hospital called Defendant County of Kent to report said injury and condition and express concern regarding the assault that had apparently taken place.

29.    Defendants Padilla, Sudue, Bennett and/or Scott falsely reported the events relating to this complaint.  Defendants Padilla, Sudue, Bennett and/or Scott falsely reported the event in their reports and to the Kent County investigator and accused the Plaintiff as being deliberately and distinctly resistant so as to deflect from the excessive force used by Defendants Padilla and /or Sudue, and to deflect from the failures of Defendants Bennett and/or Scott to intervene in the actions that they had seen and/or participated in by holding Plaintiff while said assaults and excessive force actions occurred.

30.    Defendant County of Kent knew or should have known that the actions and methods used by Defendants Sudue and/or Padilla to cause physical injury to Plaintiff did not comply

- 6 -

with the standards of their profession and have in the past and would likely cause similar injuries if used.

31.    Defendant County of Kent, even with this knowledge was deliberately indifferent to said policies, customs, and practices, and continues to train their deputies in a manner that is more likely to cause additional injury or harm.

32.    The aforementioned actions of the individual Defendants caused Plaintiff Frederick Veal severe and significant injury and pain to his right arm which resulted in the following injuries, some of which may be permanent:

    a.    Distal fracture of Plaintiff's right humerus, necessitating major surgical intervention;

    b.    Open reductions and internal fixation of the humerus;

    c.    Installation of a 14-holed 3.5 mm posterolateral plate and a corresponding number of screws; and

    d.    Other damages, injuries, and consequences that are found to be related to actions within this complaint.

33.    The aforementioned actions of the individual Defendants caused Plaintiff Frederick Veal medical expense, wage loss and/or loss of earning capacity, severe and significant fright, shock, humiliation, fear, and embarrassment, the effects of which he continues to suffer with residuals and sequelae.

**COUNT I**
**42 U.S.C. § 1983 CLAIM**
**DEFENDANTS PADILLA, SUDUE, BENNETT AND SCOTT**

34.    Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

35.    The aforementioned acts by individual Defendants Padilla, Sudue, Bennett and/or Scott acting under color of state law, were committed maliciously, for the very purpose of

causing harm, with callous and/or reckless disregard or with deliberate indifference for Plaintiff's rights, health, and safety, including a substantial risk of serious harm, and deprived Plaintiff of the following clearly established and well-settled rights, privileges and immunities under the laws and Constitution of the United States:

a.    Freedom from the use of excessive and unreasonable force in violation of Plaintiff's Fourth Amendment rights;

b.    Equal protection of the laws and the rights, privileges and immunities of citizens of the United States and the State of Michigan; and

c.    Otherwise violating the rights of Plaintiff.

36.    Defendants Padilla, Sudue, and Bennett and/or Scott subjected Plaintiff to these deprivations of rights maliciously and for the very purpose of causing harm or by acting with callous and/or reckless disregard, and with deliberate indifference as to whether Plaintiff's rights would be violated by his actions.

37.    Defendants Padilla, Sudue, Bennett and/or Scott violated Plaintiff's Fourth Amendment rights by failing to intervene to prevent injury to Plaintiff, despite the ability to do so, when there was a clearly established duty to intervene under the circumstances.

38.    As a direct and proximate result of Defendants Padilla, Sudue, Bennett and/or Scott's actions, Plaintiff suffered and continues to suffer from injuries to his right arm, with residuals and sequelae.

39.    As a direct and proximate result of Defendants Padilla, Sudue, Bennett, and/or Scott's actions, Plaintiff was deprived of rights, privileges, and immunities under the Fourth and Fourteenth Amendments of the United States Constitution and the laws and Constitution of the State of Michigan.

40.     As a direct and proximate result of Defendants Padilla, Sudue, Bennett, and/or Scott's acts and/or omissions, Plaintiff has suffered medical expenses, loss of earning capacity and/or wage loss and other out of pocket costs, physical and mental pain and suffering, loss of social pleasure and enjoyment, mental anguish, emotional distress, anxiety, humiliation and/or embarrassment, residuals and sequelae.

## COUNT II
## 42 U.S.C. § 1983
## DEFENDANT COUNTY OF KENT

41.     Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

42.     Defendant County of Kent, as a matter of acts, custom, policy and practice, has with deliberate indifference to Plaintiff Veal's rights and the rights of persons with whom members of the Kent County Sheriff's Department come into contact, caused Plaintiff Veal to be deprived of his constitutional rights under the Fourth Amendment of the United Sates Constitution by maintaining policies, practices and customs that were a direct and proximate cause of the deprivation of Plaintiff's constitutional rights.  These acts, customs, policies and/or practices include, but are not limited to:

  a.     Failure to adequately discipline, train, screen, supervise, transfer, or counsel sheriff's deputies;

  b.     Failure to train sheriff's deputies in the proper policies and procedures for investigations, detentions, arrests, and subsequent testimony against citizens accused of crimes;

  c.     Failure to supervise sheriff's deputies, so as to prevent violations of citizens' Constitutional, common law, and statutory rights;

  d.     Failure to institute policies and/or proceedings that would ensure sheriff's deputies conduct proper and legal investigation of criminal offenses;

e.    Failure to institute policies and/or proceedings that would ensure sheriff's deputies testify properly against citizens accused of a criminal offense;

f.    Training their deputies, including Defendants Sudue and Padilla in a method of detention and force to be used that was inherently dangerous and excessive for the level of risk involved in a controlled atmosphere such as the jail, and that was known to cause harm and injury and was inherently excessive under the circumstances.

g.    Failure to otherwise direct or control sheriff's deputies concerning the rights of citizens with whom the deputies come into contact, including Plaintiff Veal, thereby promoting, permitting or otherwise causing or contributing to the unlawful actions of Defendants Padilla, Sudue, Bennett and/or Scott; and,

h.    Otherwise had a custom, policy, and practice of violating the rights of Plaintiff Veal.

43.    Defendant County of Kent, as a matter of custom, policy, and practice, has with deliberate indifference failed to properly sanction or discipline sheriff's deputies, including individual Defendants Padilla, Sudue, Bennett and/or Scott, for past violations of the constitutional rights of citizens thereby causing, encouraging and/or permitting their employees and/or agents, including Defendants Padilla, Sudue, Bennett, and/or Scott to engage in unlawful conduct, including the acts against Plaintiff Veal.

44.    By these actions, Defendant County of Kent, as a matter of custom, policy and practice, have deprived Plaintiff Veal of rights secured by the Fourth Amendment to the United States Constitution in violation of 42 U.S.C. § 1983.

45.    Defendant County of Kent violated Plaintiff's Fourth Amendment rights by failing to train their deputies, including Defendants Padilla, Sudue, Bennett and/or Scott to intervene to prevent injury to Plaintiff, despite the ability to do so, when there was a clearly established duty to intervene.

46.   By these actions, Defendant County of Kent, as a matter of custom, policy, and practice, has deprived Plaintiff Veal, an American citizen, of the right to the full and equal benefit of all Constitutional and statutory laws and proceedings for the security of his person.

## STATE LAW CLAIMS – SUPPLEMENTAL JURISDICTION

### COUNT III
### ASSAULT & BATTERY
### DEFENDANTS PADILLA, SUDUE; COUNTY OF KENT

47.   Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

48.   At all relevant times, Defendants Padilla and/or Sudue, were acting in the course and scope of their employment with Defendant County of Kent and within the scope of their authority as law enforcement officers with the Kent County Correctional Facility.

49.   The aforementioned acts and conduct of Defendants Padilla and/or Sudue constitute assault and battery and a willful, harmful or offensive touching, threatening and/or striking of Plaintiff against his will and without consent, resulting in injuries and damages to Plaintiff as described above.

### COUNT IV
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### DEFENDANTS PADILLA AND SUDUE; COUNTY OF KENT

50.   Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

51.   At all relevant times, Defendants Padilla and/or Sudue were acting in the course and scope of their employment with Defendant County of Kent and within the scope of their authority as law enforcement officers with the Kent County Correctional Facility.

52.    The acts and conduct of Defendants Padilla and/or Sudue alleged above constitute intentional infliction of emotional distress and outrageous conduct including, but not limited to the use of excessive and reckless force when Defendants Padilla, Sudue, Bennett and Scott intentionally, willfully, and with reckless disregard for the rights of Plaintiff, forced Plaintiff's right arm backwards and upwards with such excessive force and fracturing his humerus.  Plaintiff had already submitted to a pat-down and was not resisting.  Defendants' use of extreme and excess force resulted in injuries, damages, and caused severe emotional distress, anxiety, humiliation and/or embarrassment to Plaintiff as described above.

## COUNT V
## GROSS NEGLIGENCE  – ALL DEFENDANTS

53.    Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

54.    At all relevant times, Defendants Padilla, Sudue, Bennett and/or Scott were acting in the course and scope of their employment with Defendant County of Kent and within the scope of their authority as law enforcement officers with the Kent County Correctional Facility.

55.    Defendants Padilla, Sudue, Bennett, and/or Scott owed Plaintiff the following duties and obligations, among others:,

a.    The duty to refrain from using force where force was not necessary;

b.    The duty to exhaust all reasonable alternatives before using force, including but not limited to requesting assistance and/or backup before utilizing force as a means of coercion;

c.    The duty to use only such force as was necessary and reasonable under the circumstances;

d.      The duty to exercise restraint in difficult situations and to analyze the situation and react in a professional manner; and

e.      Other duties to be identified.

56.    Defendants Padilla, Sudue, Bennett and Scott breached these duties owed to Plaintiff and were grossly negligent as that term is used and defined in M.C.L. 691.1407(2)(c), when Defendants conducted themselves by acting as described above, said acts having been committed with reckless disregard for Plaintiff's health, safety and Constitutional and statutory rights, and with a substantial lack of concern as to whether an injury would result in the following particulars, among others:

a.      Applied force in an amount greatly in excess to that force which the situation demanded, if any;

b.      Continued to use excessive force against Plaintiff over a period of time;

d.      Failed to exhaust all reasonable alternatives before using force including but not limited to requesting assistance and/or backup before utilizing force as a means of coercion;

e.      Failed to exercise restraint and failed to act in a professional manner; and

f.      Were grossly negligent in other respects as well.

## DAMAGES

57.    Plaintiff realleges and reaffirms the aforementioned paragraphs with the same force and effect as if set forth herein.

58.    As a direct and/or proximate result of the individual Defendants and the Defendant County of Kent's actions as stated above, Plaintiff Frederick Veal suffered and continues to suffer from the injuries to his right arm and shoulder with residuals and sequelae.

59.    As a direct and/or proximate result of the individual Defendants and the Defendant County of Kent's acts and/or omissions, Plaintiff Frederick Veal has suffered medical expenses and other out of pocket costs, wage loss and/or loss of earning capacity, physical and mental pain and suffering, loss of social pleasure and enjoyment, mental anguish, emotional distress, anxiety, humiliation and/or embarrassment, residuals and sequelae.

60.    The acts and conduct of individual Defendants and Defendant County of Kent alleged in the above stated counts and causes of action constitute violations of the common and/or statutory laws of the State of Michigan, and the United States District Court has supplemental jurisdiction to hear and adjudicate said claims.

**WHEREFORE,** Plaintiff Frederick Veal requests this Court and the finder of fact to enter a Judgment in his favor and against any and/or all Defendants in an amount equal to the proofs at trial and requests the following relief:

a.    Compensatory damages in the amount to be determined as reasonable or just by the trier of fact to fairly compensate Plaintiff for all compensatory damages including, but not limited to medical expenses, physical and mental pain and suffering, mental anguish, anxiety, humiliation, embarrassment, mortification, violation of his Constitutional rights, and other damages to be proved.

b.    Punitive and/or exemplary damages in the amount to be determined as reasonable or just by the trier of fact;

c.    Reasonable attorney fees, interest and costs; and

d.    Other equitable and/or injunctive relief as appears to be reasonable and just.

**WHEREFORE,** Plaintiff Frederick Veal requests this Court to enter Judgment in his favor and against all Defendants on all counts in an amount consistent with the proofs of trial, including economic, non-economic, and compensatory damages, punitive and exemplary damages, as well as interest, costs, and attorney fees.

- 14 -

Respectfully submitted,

Dated: September 14, 2012                        By:   /s/ Stephen R. Drew
                                                      Stephen R. Drew (P24323)
                                                      Adam C. Sturdivant (P72285)
                                                      DREW, COOPER & ANDING
                                                      Attorneys for Plaintiff
                                                      80 Ottawa Avenue NW, Suite 200
                                                      Grand Rapids, Michigan  49503
                                                      Phone: (616) 454-8300
                                                      E-mail: sdrew@dca-lawyers.com

## JURY DEMAND

Plaintiff Frederick Veal, by and through his attorneys, DREW, COOPER & ANDING, by

Stephen R. Drew and Adam C. Sturdivant, hereby demand a trial by jury on all claims set forth

above.

Respectfully submitted,

Dated: September 14, 2012                        By:   /s/ Stephen R. Drew
                                                      Stephen R. Drew (P24323)
                                                      Adam C. Sturdivant (P72285)
                                                      DREW, COOPER & ANDING
                                                      Attorneys for Plaintiff
                                                      80 Ottawa Avenue NW, Suite 200
                                                      Grand Rapids, Michigan  49503
                                                      Phone: (616) 454-8300
                                                      E-mail: sdrew@dca-lawyers.com